**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| PHOENIX LICENSING, L.L.C., an Arizona limited liability company, and LPL LICENSING, L.L.C., a Delaware limited liability company, | |
| Plaintiffs, | Case No.  2:14-CV-00978 |
| v. | **Jury Trial Demanded** |
| TIME WARNER CABLE ENTERPRISES LLC; TIME WARNER CABLE INC.; and INSIGHT COMMUNICATIONS COMPANY, INC., | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

In this action for patent infringement, Plaintiffs Phoenix Licensing, L.L.C. ("Phoenix") and LPL Licensing, L.L.C. ("LPL") (collectively, "Plaintiffs") make the following allegations against Time Warner Cable Enterprises LLC, Time Warner Cable Inc., and Insight Communications Company, Inc. ("Defendants").

## INTRODUCTION

1.      Phoenix owns the inventions for the following marketing technology (the "patented marketing technology"):

> (a)   Computerized apparatuses, methods, and systems that implement decision criteria, product information, and client information to automatically select and present products appropriate for the client via client communications (for example, a direct mail communication incorporating variable information) as described and claimed in United States Patent Number 5,987,434 entitled "Apparatus and Method for Transacting Marketing and Sales of Financial Products" (the "'434 patent");

(b)   Apparatuses, methods, and systems that automatically provide personalized notices concerning financial products or services associated with a set of descriptions, characteristics and/or identifications over an electronic network, which may be presented within a personalized content section of the personalized communication documents, as described and claimed in United States Patent Number 7,860,744 entitled "System and Method for Automatically Providing Personalized Notices Concerning Products and/or Services" (the "'744 patent");

(c)   Apparatuses, methods, and system that use client information to automatically select financial products or services appropriate for the client and prepare personalized client communications offering the selected products, as described and claimed in United States Patent Number 8,352,317 entitled "System for Facilitating Production of Variable Offer Communications" (the "'317 patent");

(d)   Apparatuses, methods, and systems that automatically generate customized communications offering financial products or services to a plurality of clients, and replies to client responses to such communications, as described and claimed in United States Patent Number 8,234,184 entitled "Automated Reply Generation Direct Marketing System" (the "'184 patent");

(e)   Apparatuses, methods, and systems that use client data to automatically select financial products or services appropriate for the client and prepare personalized client communications offering the selected products or services, as described and claimed in United States Patent Number 8,606,632 entitled "System, Method, and Computer Program Product for Selecting and Presenting Financial Products and Services" (the "'632 patent");

(f)   Apparatuses, methods, and systems for automatically preparing customized

1

replies in response to communications from a plurality of clients, as described and claimed in United States Patent Number 6,999,938 entitled "Automated Reply Generation Direct Marketing System" (the "'938 patent"); and

(g)     Apparatuses, methods, and systems for automatically preparing customized replies in response to communications from a plurality of clients, as described and claimed in United States Patent Number 7,991,649 entitled "Method For Automatically Preparing A Plurality Of Client Communications Offering One Or More Financial Products Or Services" (the "'649 patent") (hereafter, the above patents are collectively referred to as the "patents-in-suit").

2.      Pursuant to a license agreement dated December 1, 2006, LPL is the exclusive licensee of the patents-in-suit.

3.      Defendants have been and are now infringing the patents-in-suit by making, using, offering for sale, selling, and/or importing products covered by one or more claims of the patents-in-suit without Plaintiffs' permission.

4.      Plaintiffs seek monetary damages for Defendants' infringement and a permanent injunction prohibiting Defendants from continuing to infringe the patents-in-suit.

## PARTIES

5.      Phoenix is an Arizona limited liability company with its principal place of business in Scottsdale, Arizona.

6.      LPL is a Delaware limited liability company with its principal place of business in Scottsdale, Arizona and an office and personnel in Tyler, Texas.

7.      Upon information and belief, Time Warner Cable Enterprises LLC is a Delaware limited liability company with its principal place of business at 60 Columbus Circle, New York, New York 10023.

8.      Upon information and belief, Time Warner Cable Inc. is a Delaware corporation with its principal place of business at 60 Columbus Circle, New York, New York 10023.

9.      Upon information and belief, Insight Communications Company, Inc. is a Delaware corporation with its principal place of business at 810 7th Avenue, New York, New York 10019.

## JURISDICTION AND VENUE

10.      This action arises under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, including § 271.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11.      This Court has personal jurisdiction over Defendants because, among other reasons, Defendants have done business in this District, and have committed and continue to commit acts of patent infringement in this District.

12.      Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because, among other reasons, Defendants are subject to personal jurisdiction in this District, and have committed and continue to commit acts of patent infringement in this District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,987,434

13.      Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

14.      On November 16, 1999, the United States Patent and Trademark Office issued the '434 patent for inventions covering the following marketing technology: computerized apparatuses, methods, and systems that implement decision criteria, product information, and client information to automatically select and present products appropriate for the client (for example, a direct mail communication incorporating variable information), as described and claimed in the '434 patent.  Phoenix is the owner by assignment of all right, title, and interest in the '434 patent, including all rights to pursue and collect damages for past infringements of the

patent.  LPL is the exclusive licensee of the '434 patent.  A true and correct copy of the '434 patent is attached as Exhibit A.

15.     Defendants have been and are now directly infringing one or more claims of the '434 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers.  These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

16.     Defendants have committed these acts of infringement without license or authorization.

17.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '434 patent under 35 U.S.C. § 271.

18.     As a result of Defendants' infringement of the '434 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

19.     Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '434 patent.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,860,744

20.     Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

21.     On December 28, 2010, the United States Patent and Trademark Office issued the '744 patent for inventions covering the following marketing technology: apparatuses, methods, and systems that automatically provide personalized notices concerning financial products or

services associated with a set of descriptions, characteristics and/or identifications over an electronic network, which may be presented within a personalized content section of the personalized communication documents, as described and claimed in the '744 patent.  Phoenix is the owner by assignment of all right, title, and interest in the '744 patent, including all rights to pursue and collect damages for past infringements of the patent.  LPL is the exclusive licensee of the '744 patent.  A true and correct copy of the '744 patent is attached as Exhibit B.

22.     Defendants have been and are now directly infringing one ore more claims of the '744 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers.  These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

23.     Defendants have committed these acts of infringement without license or authorization.

24.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '744 patent under 35 U.S.C. § 271.

25.     As a result of Defendants' infringement of the '744 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

26.     Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '744 patent.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,352,317

27.     Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

28.     On January 8, 2013, the United States Patent and Trademark Office issued the '317 patent for inventions covering the following marketing technology: apparatuses, methods, and system that use client information to automatically select financial products or services appropriate for the client and prepare personalized client communications offering the selected products, as described and claimed in the '317 patent.  Phoenix is the owner by assignment of all right, title, and interest in the '317 patent, including all rights to pursue and collect damages for past infringements of the patent.  LPL is the exclusive licensee of the '317 patent.  A true and correct copy of the '317 patent is attached as Exhibit C.

29.     Defendants have been and are now directly infringing one or more claims of the '317 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers.  These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

30.     Defendants have committed these acts of infringement without license or authorization.

31.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '317 patent under 35 U.S.C. § 271.

32.     As a result of Defendants' infringement of the '317 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

33.     Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '317 patent.

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 8,234,184**

34.     Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

35.     On July 31, 2012, the United States Patent and Trademark Office issued the '184 patent for inventions covering the following marketing technology: apparatuses, methods, and systems that automatically generate customized communications offering financial products or services to a plurality of clients, and replies to client responses to such communications, as described and claimed in the '184 patent.  Phoenix is the owner by assignment of all right, title, and interest in the '184 patent, including all rights to pursue and collect damages for past infringements of the patent.  LPL is the exclusive licensee of the '184 patent.  A true and correct copy of the '184 patent is attached as Exhibit D.

36.     Defendants have been and are now directly infringing one or more claims of the '184 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers.  These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

37.     Defendants have committed these acts of infringement without license or authorization.

38.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '184 patent under 35 U.S.C. § 271.

39.     As a result of Defendants' infringement of the '184 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

40.     Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '184 patent.

## COUNT V

## INFRINGEMENT OF U.S. PATENT NO. 8,606,632

41.     Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

42.     On December 10, 2013, the United States Patent and Trademark Office issued the '632 patent for inventions covering the following marketing technology: apparatuses, methods, and systems that use client data to automatically select financial products or services appropriate for the client and prepare personalized client communications offering the selected products or services, as described and claimed in the '632 patent.  Phoenix is the owner by assignment of all right, title, and interest in the '632 patent, including all rights to pursue and collect damages for past infringements of the patent.  LPL is the exclusive licensee of the '632 patent.  A true and correct copy of the '632 patent is attached as Exhibit E.

43.     Defendants have been and are now directly infringing one or more claims of the '632 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers.  These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

44.     Defendants have committed these acts of infringement without license or authorization.

45.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '632 patent under 35 U.S.C. § 271.

46.     As a result of Defendants' infringement of the '632 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

47.     Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '632 patent.

**COUNT VI**

**INFRINGEMENT OF U.S. PATENT NO. 6,999,938**

48.     Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

49.     On February 14, 2006, the United States Patent and Trademark Office issued the '938 patent for inventions covering the following marketing technology: apparatuses, methods, and systems for automatically preparing customized replies in response to communications from a plurality of clients, as described and claimed in the '938 patent.  Phoenix is the owner by assignment of all right, title, and interest in the '938 patent, including all rights to pursue and collect damages for past infringements of the patent.  LPL is the exclusive licensee of the '938 patent.  A true and correct copy of the '938 patent is attached as Exhibit F.

50.     Defendants have been and are now directly infringing one or more claims of the '938 patent, in this judicial District and elsewhere in the United States, by, among other things, making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers.  These

materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

51.    Defendants have committed these acts of infringement without license or authorization.

52.    By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '938 patent under 35 U.S.C. § 271.

53.    As a result of Defendants' infringement of the '938 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

54.    Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '938 patent.

<strong><u>COUNT VII</u></strong>

<strong><u>INFRINGEMENT OF U.S. PATENT NO. 7,991,649</u></strong>

55.    Plaintiffs incorporate by reference each of the allegations in foregoing paragraphs above, and further allege as follows:

56.    On August 2, 2011, the United States Patent and Trademark Office issued the '649 patent for inventions covering the following marketing technology: apparatuses, methods, and systems for automatically preparing customized replies in response to communications from a plurality of clients, as described and claimed in the '649 patent.   Phoenix is the owner by assignment of all right, title, and interest in the '649 patent, including all rights to pursue and collect damages for past infringements of the patent.   LPL is the exclusive licensee of the '649 patent.   A true and correct copy of the '649 patent is attached as Exhibit G.

57.    Defendants have been and are now directly infringing one or more claims of the '649 patent, in this judicial District and elsewhere in the United States, by, among other things,

making and using products and services that generate customized marketing materials, such as letters, e-mails, and other communications, for their customers and potential customers.  These materials contain, for example, customized notices and offers concerning the sale and/or financing of TV, DVR, phone, internet, and wireless products and services.

58.     Defendants have committed these acts of infringement without license or authorization.

59.     By engaging in the conduct described herein, Defendants have injured Plaintiffs and are thus liable for infringement of the '649 patent under 35 U.S.C. § 271.

60.     As a result of Defendants' infringement of the '649 patent, Plaintiffs have been damaged and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

61.     Plaintiffs have also suffered and will continue to suffer severe and irreparable harm unless this Court issues a permanent injunction prohibiting Defendants, their agents, servants, employees, representatives, and all others acting in active concert therewith from infringing the '649 patent.

## PRAYER FOR RELIEF

Plaintiffs respectfully request the following relief from this Court:

A.     A judgment in favor of Plaintiffs that Defendants have infringed the patents-in-suit;

B.     A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing of the patents-in-suit, or such other equitable relief the Court determines is warranted;

C.     A judgment and order requiring Defendants to pay Plaintiffs their damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the patents-in-suit as provided under 35 U.S.C. § 284;

D.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiffs their reasonable attorneys' fees against Defendants;

E.    A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Plaintiffs, including without limitation, pre-judgment and post-judgment interest; and

F.    Any and all other relief to which Plaintiffs may be entitled.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a trial by jury of any issues so triable by right.

Dated: October 17, 2014

RUSS AUGUST & KABAT

/s/ *Marc A. Fenster*
Marc A. Fenster (CA SBN 181067)
Benjamin T. Wang (CA SBN 228712)
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone: (310) 826-7474
Facsimile: (310) 826-6991
mfenster@raklaw.com
bwang@raklaw.com

*Attorneys for Plaintiffs Phoenix Licensing, L.L.C. and LPL Licensing, L.L.C.*